**STAUFFER CHEMICAL COMPANY, a Delaware corporation, Plaintiff,**

v.

**KEYSOR–CENTURY CORPORATION, a California corporation, Defendant.**

**Civ. A. No. 81–133.**

United States District Court,
D. Delaware.

May 5, 1982.

Januar D. Bove, Jr., and Lester J. Taufen, of Connolly, Bove & Lodge, Wilmington, Del., for plaintiff.

E. Norman Veasey, Allen M. Terrell, Jr. and David B. Stratton, of Richards, Layton & Finger, Wilmington, Del., for defendant.

## MEMORANDUM

STEEL, Senior District Judge:

On April 12, 1982, plaintiff filed a motion to compel production by defendant of a letter dated September 27, 1978, from John A. Dill, C. P. A. to M. Brown, a vice president of defendant. Mr. Dill is a certified public accountant licensed to practice in Pennsylvania. The defendant has objected to the production of the letter on the ground that it is protected from disclosure under the accountant/client privilege set forth in 63 Pa.Stat.Ann. § 9.11a. It reads:

§ 9.11a: Privileged Communication

Except by permission of the client or person or entity engaging him or the heirs, successors or personal representatives of such client or person or entity, a certified public accountant, public accountant, partnership or corporation, holding a permit to practice under this act, or a person employed by a certified public accountant, public accountant, partnership, or a director of or a person employed by a professional corporation holding a permit to practice under this act, or an associate of or a person employed by a professional association holding a permit to practice under this act shall not be required to, and shall not voluntarily, disclose or divulge information of which he may have become possessed relative to and in connection with any professional services as a certified public accountant, public accountant, partnership or corporation. The information derived from or as the result of such professional services shall be deemed confidential and privileged: Provided, however, that nothing herein shall be taken or construed as prohibiting the disclosure of information required to be disclosed by the standards of the profession in reporting on the examination of financial statements, or in making disclosures in a court of law or in disciplinary investigations or proceedings when the professional services of the certified public accountant, public accountant, partnership or corporation are at issue in an action, investigation or proceeding in which the certified public accountant, public accountant, partnership or corporation are parties.

The Pennsylvania statute by its terms protects only the accountant from being required to or voluntarily disclosing information which he came into possession of because of his professional services as a certified public accountant. The statute does not protect anyone else from disclosing information obtained from the accountant. Hence, defendant's assertion of privilege is not protected by the statute. The only ground which defendant has asserted for resisting the production of the letter is the Pennsylvania statute which has no application insofar as production by the defendant is concerned.

An order will therefore be entered overruling the objection of the defendant to producing the letter and directing its production.